## RIPLEY vs. BERRY & AL.

Where land is conveyed by deed, referring to a plan, between which, and the original survey, there is a difference in the location of lines and monuments; the lines and monuments, originally marked as such, are to govern, however they may differ from those represented on the plan.

THIS was an action of trespass for cutting the plaintiff's trees on his lot No. 4, in *Denmark*. His title was by deed from *James Lloyd*, dated *Dec.* 1, 1818, in which the lot was described as containing seventy-five acres, "on a plan of sundry lots in said *Denmark*, made by *Isaiah Ingalls*, in *March* 1809, be the same more or less, in conformity with the plan aforesaid, and however the same may be bounded." The defendant held the lot No. 1, adjoining the plain-

Ripley *v.* Berry & al.

tiff's lot, by a deed from Mr. *Lloyd,* dated *Dec.* 2, 1818 ;—and the question was whether the *locus in quo* was a part of lot No. 1, or of lot No. 4. The side of No. 4 farthest from the defendant's land, was bounded by a pond, marked on the plan. By applying the scale to the edge of the pond as thus laid down, and measuring off the estimated length of line towards the defendant's land, the plaintiff's lot would extend far into that claimed by the defendant. But Mr. *Ingalls* testified that the pond was marked on the plan by conjecture only ; but that the lines and courses of the lots laid down on the plan were actually surveyed, except a part of the check lines. And they were marked and certified to have been surveyed, on the original plan. By comparing *Ingalls's* plan with a plan and survey made in this case by Gen. *Perley,* by order of court, it was manifest that *In-galls's* plan did not agree with his actual survey. But by the original actual survey, the *locus in quo* fell within the lines of lot No. 1, as marked by *Ingalls.*

*Weston J.* before whom the cause was tried, ruled that the original survey controled all the other evidence in the case, and directed a verdict for the defendants, subject to the opinion of the court.

*Dana* and *Chase* for the plaintiff.

*Greenleaf* and *Pike* for the defendants.

Mellen C. J. delivered the opinion of the Court.

The decision of this cause depends upon the construction of the deed of *James Lloyd,* under whom the plaintiff claims. If, by such construction, lot No. 4, contains the *locus in quo,* the verdict must be set aside ; if not, then judgment must be entered on the verdict in favor of the defendants. It is a well settled principle, that whatever is included within the bounds of a lot as it was actually located upon the face of the earth, is to be considered as a part of such lot ; and, to use the language of the court in the case of *Pike v. Dyke* 2. *Greenl.* 213, " Where lots have been granted, designated by number according to a plan referred to, which has resulted from an actual survey, the lines and corners made and fixed by that survey, have been uniformly respected in this State, as determining the extent and bounds of the respective lots." It is admitted that by the *plan* of

4

*Ingalls*, referred to in *Mr. Lloyd's* deed, the *locus in quo* is no part of *lot No.* 4, but belongs to *lot No.* 1,—and the case finds that by the original survey and location, it was no part of lot No. 4. In other words, the *actual survey* and *location*, and the *plan* agree. It is true that by the case it appears that *Perley's* plan and that of *Ingalls* do not agree ; but this recent survey and ascertained variance, cannot affect the question. It arises probably by considering the pond as having been actually surveyed, and correctly laid down on the plan ; and then measuring northwardly from the margin of the pond, as laid down, to ascertain the north line of lot No. 4. But this process is fallacious and must be rejected ; because *Ingalls* testified on the trial that the pond was laid down on the plan by conjecture. It is otherwise as to the lines ; for it is admitted " that the lines and courses of the lots laid down on said plan were actually surveyed, except a part of the check lines," (and the line in dispute is not one of those) " and marked and certified to have been surveyed, on the original plan." It was admitted in the argument that this plan had been made for the use of *Mr. Lloyd*, and that when he caused it to be made he was the owner of the whole tract surveyed, of which the lots in question are a part. To *this* plan, with the above named certificate upon it, he refers in his deed ; and by this description and reference, he and his grantee must be bound. For these reasons we are all of opinion that the instructions of the Judge were correct ; and therefore there must be        *Judgment on the verdict.*